Francisca A. Matías y Lorenzo, apelada, *v.* Alfredo Raffuci Bayron, apelante.

No. 3361.—*Resuelto:* Abril 21, 1925.   (La opinión del tribunal en la pág. 165.)

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. FRANCO SOTO.

Se trata de la aplicación del artículo 309 del Código Civil Revisado, tal como quedó enmendado según la ley de 8 de marzo de 1906 (Comp. sección 3379).

Dicho artículo dice:

"Art. 309.—El menor, sea varón o hembra, queda de derecho emancipado por el matrimonio.

"No obstante, para enajenar o hipotecar los bienes inmuebles o tomar dinero a préstamo necesitará el menor emancipado por razón del matrimonio el consentimiento de su padre, en su defecto, el de su madre, y, en su caso, el de su tutor."

Esta disposición legal como está redactada es verdad que no formaba parte del artículo del Código Civil Español del cual en su totalidad, con pocas modificaciones, ha sido tomado el Código Civil Revisado, aprobado en 1902; pero la limitación que contiene para la enajenación de inmuebles o tomar dinero a préstamo mediante los requisitos indicados, estaba incluída en la prescripción general del artículo 307 (Comp. sec. 3377) que en su origen era una reproducción del artículo 317 del Código Civil Español.

El artículo 307 del Código Civil Revisado, tal como quedó enmendado por la ley de marzo 8, 1906, dice:

"Art. 307.—La emancipación habilita al menor para regir su persona y bienes como si fuera mayor; pero hasta que llegare a la mayor edad no podrá el emancipado contraer promesa u obligación alguna que exceda del importe de sus rentas por un año.   Tampoco podrá gravar ni vender bienes inmuebles suyos sin consentimiento

de su padre, en defecto de éste, sin el de su madre, y, en su caso, sin el de su tutor.

"Tampoco podrá comparecer en juicio sin la asistencia de dichas personas."

Y el 317 del Código Civil Español prescribe:

"317.—La emancipación habilita al menor para regir su persona y bienes como si fuera mayor; pero hasta que llegue a la mayor edad, no podrá el emancipado tomar dinero a préstamo, gravar ni vender bienes inmuebles sin consentimiento de su padre, en defecto de éste sin el de su madre, y por falta de ambos, sin el de un tutor. Tampoco podrá comparecer en juicio sin la asistencia de dichas personas."

La diferencia que se introduce por el nuevo Código Revisado se refiere a que los menores emancipados por el matrimonio pueden comparecer en las cortes de distrito representando sus derechos, art. 310; y los menores emancipados por otras causas (art. 302) no pueden comparecer en juicio sin la asistencia de las personas que enumera el artículo 307, *supra*.

Aparece claro de las disposiciones citadas que en caso de ser necesaria la intervención de un tutor, hay que entender que no se trata de la tutela ordinaria que prescribe el art. 237 y siguientes del Código Civil Revisado sino de un tutor especial por referirse a determinados actos o contratos en que debe dar o nó su consentimiento, supliendo en el primer caso la falta de capacidad en que la ley presume que se encuentra el menor, no obstante estar emancipado por el matrimonio en el acto singular y concreto en que se exige expresamente ese requisito.

La ley no determina específicamente la persona a quien haya de conferirse ese cargo de tutor especial, ni por quién ha de ser nombrado, pues aunque el artículo 76 de la Ley de Procedimientos Legales Especiales aprobada en marzo 9, 1905, sección 1615 de la Compilación de 1911, página 335, prescribe que cualquier tutor puede ser habilitado por la corte para representar, sin prestación de fianza, a un menor o incapacitado en todos aquellos casos en que fuera necesa-

ria su intervención, este precepto se refiere a todas luces al nombramiento de un tutor ordinario, pues en el mismo precepto se dispone además que el tutor ha de llenar los requisitos del artículo 72 (Comp. sección 1611), "tan pronto tuviere precisión de hacerse cargo de la administración y custodia de los bienes de sus pupilos." De modo que en estas reglas de procedimientos legales especiales no se tuvieron en mente los artículos 307 y 309, *supra,* para el nombramiento de tutores especiales y se incurrió en la misma omisión de no establecer regla alguna a ese efecto en ese particular, teniendo, por tanto, la misma situación que nos presenta Manresa en sus comentarios al Código Civil Español, tomo 2, páginas 698 y 699, quien con la clara lógica con que generalmente sienta sus conclusiones en su valiosa obra, compara el tutor especial del artículo 317 del Código Civil Español (307 del Código Civil Revisado) al defensor de que trata el artículo 165 del Código Civil Español, equivalente al 230 del Código Civil Revisado, encontrando en este último precepto la solución del problema, por ser regla de recta interpretación que lo dispuesto en una ley o código para un caso es aplicable a los demás casos análogos, cuando nada se dispone en contrario.

El citado artículo 230 prescribe:

"Art. 230.—Siempre que en algún asunto el padre o la madre tengan un interés opuesto al de sus hijos no emancipados, la corte de distrito nombrará a éstos un defensor que los represente en juicio y fuera de él.

"La corte de distrito, a petición del padre o de la madre, del mismo menor, del fiscal o de cualquiera persona capaz para comparecer en juicio, conferirá el nombramiento de defensor al pariente del menor a quien en su caso correspondería la tutela legítima, y a falta de éste, a otro pariente o a un extraño."

Este artículo indica que la corte inferior es quien procede al discernimiento del cargo en la persona que ha de ser nombrada tutor y se ha de conferir el nombramiento al pariente del menor a quien en su caso correspondería la tu-

tela legítima, y a falta de éste, a otro pariente o a un extraño.

Manresa al comentar la Ley de Enjuiciamiento Civil Española, tomo 6, págs. 307 y 308, dice que se entiende por discernimiento "el acto por el cual el juez confiere al tutor nombrado legalmente las facultades necesarias para representar al menor o incapacitado con arreglo a las leyes." * * * "Esto equivale al poder que se da a todo mandatario y se consigna en un acta, autorizada por el juez y el actuario del que se da testimonio al tutor para acreditar su representación."

No podemos decir, sin embargo, que haya diferencia sustancial en el procedimiento. Hoy la orden del juez substituye al acta (*apud acta*) de que hablaba la antigua Ley de Enjuiciamiento Civil, artículo 1867.

Y esa orden es la que debemos tener a la vista para determinar si el poder o facultades conferidas al tutor están en armonía con la ley.

Sostenemos que no. La petición de la menor solicitando el nombramiento de tutor en nada se refiere a ningún acto o contrato de los que especifica el artículo 309 del Código Civil Revisado. Por el contrario, en la petición la menor hace la alegación esencial (No. 4) que desea "que se le nombre un tutor a pesar de estar emancipada, a fin de que dicho tutor le procure arreglar los asuntos y reclamaciones que tenga pendientes y salvarle todo lo posible de su caudal." Era claro que la solicitud de la menor que no obstante estar emancipada por el matrimonio tenía por objeto el nombramiento de un tutor para actos de pura administración de los cuales ya ella, *de jure,* estaba facultada para poder ejercitar. El juez inferior no debió ignorar la ley y si así lo hizo dictando la orden en la forma que más adelante se verá, obraba sin jurisdicción. La orden dice:

". . . . se resuelve nombrar tutor dativo de dicha peticionaria a don Rafael Ferrer, vecino de esta Ciudad, casado, comerciante y propietario, a fin de que represente a dicha menor, que es viuda y carece de padres, abuelos paternos y maternos y de hermanos mayo-

res de edad que puedan llevar su representación, para que con arreglo a la ley complete su personalidad en todos aquellos asuntos en que dicha menor no pueda hacerlo personalmente, en juicio y fuera de él, con las demás facultades en derecho necesarias, debiendo dicho tutor prestar fianza por la suma de 500 dollars y prestar el juramento de ley, y hecho todo. esto se resolverá lo demás que fuere procedente.''

Salta a la vista que la orden no autoriza ningún acto o contrato a que se contrae el artículo 309 del Código Civil Revisado. Ella tenía que especificar el contrato que autorizaba o indicarlo expresamente para que el tutor diera o nó su consentimiento al mismo. Sin embargo, la orden del juez inferior más bien tuvo por único objeto el nombramiento de un tutor o defensor para representar a la menor en juició, lo que no era necesario según el artículo 310 del Código Civil Revisado. La mejor indicación de que fué el pensamiento de la corte inferior nombrar un tutor ordinario que solamente podía ejercitar actos de administración podemos fundarla en que en la orden se le señala una fianza por $500 al tutor, lo cual también era innecesario si lo que se deseaba era autorizar al tutor para consentir el contrato de compraventa porque como lógicamente dice Manresa (vol. 2, p. 699), el tutor ''nada tiene que administrar ni tampoco recibir el precio de la venta, pues ha de limitarse a autorizar el acto dando su consentimiento, si lo cree útil o necesario para el menor.''

Y no es posible sostener que una orden judicial así de carácter general pueda comprender actos especiales que la ley prohibe expresamente a menos que se llenen ciertos requisitos. Si la teoría del mandato es aplicable, como indica Manresa y como así creemos que lo es, en buena hermenéutica legal no se puede concluir que lo específico quede comprendido en lo general justificado por el principio de que lo menos cabe en lo más, pues es bien sabido que el mandato concebido en términos generales no comprende más que los actos de administración. Para transigir, enajenar, hipote-

car o ejecutar cualquier otro acto de riguroso dominio se necesita mandato expreso.    Art. 1615 del Código Civil Revisado.

El precepto del art. 309 del Código Civil Revisado es además prohibitivo y debe interpretarse restrictivamente.    La interpretación liberal y extensiva que se le ha dado por la mayoría, creo que es errónea, en contrario al criterio de la corte inferior, el que nos parece correcto y que debió ser sostenido en esta apelación.